## SUPREME COURT.

### STROUT AND OTHERS agt. CURRAN.

When a pleading is regularly served and within the proper time, though defective, so that the only question is upon its *sufficiency*, it can not be disregarded as a nullity.

*Albany Special Term, December* 1851. *Motion to set aside judgment, &c. for irregularity.* The action was brought upon a promissory note. A copy of the complaint, not verified, was served with the summons. Within the time for answering, the defendant served an answer denying generally all the allegations in the complaint. The next day the plaintiffs' attorney returned the answer served on him to the defendant's attorney, and perfected judgment for want of an answer, and issued execution

J. A. MILLARD, *for Plaintiffs.*

J. ROMEYN, *for Defendant.*

HARRIS, Justice.—The plaintiffs' attorney had no right to determine for himself whether the answer with which he had been served was sufficient as a pleading. When a pleading is served after the time allowed for such service, or when, in any other respect there is a defect of service, the opposite party may, at his peril, disregard the pleading served. Thus, if it be required that an answer should be verified by the oath of the party, and an answer is served without such verification, it may be returned and the plaintiff may proceed for the want of an answer.

But this rule of practice is not applicable to a defect in the pleading itself. When the pleading is regularly served, and within the proper time, so that the only question is upon its sufficiency, it can not be disregarded. The answer, in this case, was undoubtedly defective, and would probably have been stricken out upon a proper application. The difficulty is that the plaintiff has assumed that it was no answer. He has thus given judgment for himself. This he had no right to do. The proceedings are, therefore, irregular and must be set aside. The defendant is also entitled to costs of the motion.